Jessica T. Fehr
Assistant U.S. Attorney
U.S. Attorney's Office
2929 Third Avenue N., Ste. 400
Billings, MT 59103
P.O. Box 1478
Billings, MT 59103
Phone: (406) 247-4637
FAX: (406) 657-6058
EMAIL: Jessica.Fehr@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

FEB 28 2012

PATRICK E. DUFFY CLERK
BY_____
        Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 11-119-BLG-RFC |
|---|---|
| vs. | **PLEA AGREEMENT** |
| CLINTON SHOVAR, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

1

the United States of America, by Jessica T. Fehr, Assistant United States Attorney for the District of Montana, and the defendant, Clinton Shovar, and his attorney, David Merchant, have agreed upon the following:

1.   **Scope:**   This plea agreement is between the United States Attorney's Office for the District of Montana and defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.   **Charges:** Defendant agrees to plead guilty to the Information which charged the crime of misdemeanor simple possession in violation of 21 U.S.C. § 844. The offense carries a maximum punishment of 1 year imprisonment, a minimum fine of $1,000 up to $100,000 fine, 1 year supervised release, and a $25 special assessment.

3.   **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(B), *Federal Rules of*

2   JTF   CS   DM   February 24, 2012
                                Date

*Criminal Procedure.* The defendant acknowledges that the agreement will be fulfilled provided the government makes the recommendations provided below. The defendant understands that even if the Court does not accept or follow the recommendations made by the United States, there will not be an automatic right to withdraw the plea. Rule 11(c)(3)(B), *Federal Rules of Criminal Procedure.*

4.    **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charge contained in the Information. In pleading guilty, the defendant acknowledges that on or about May 13, 2010, in Laurel, within the State and District of Montana, the defendant, CLINTON SHOVAR, knowingly and intentionally possessed anabolic steroids, Schedule III controlled substances, without valid prescriptions, that is CLINTON SHOVAR possessed Methandrostenolone, Trenbolone Acetate, and Testosterone Enanthate without valid medical prescriptions, all in violation of Title 21, United States Code, Section 844(a).

The parties agree that the following are the elements of misdemeanor simple possession, in violation of 21 U.S.C. § 844:

3        JTF    CS    DM    February 24, 2012
                                        Date

First the defendant knowingly and intentionally possessed anabolic steroids; and

Second, the defendant possessed the anabolic steroids without a valid prescription from a physician.

**5. Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed

4      JTF   CS   DM   February 24, 2012 Date

of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present

5    JTF    CS    DM    February 24, 2012
                                     Date

witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h)  At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his own behalf.

(i)  If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

**6.  Recommendations:** The United States will recommend

the defendant be given two points for acceptance of responsibility if appropriate under the Guidelines unless the defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in anyway inconsistent with acceptance of responsibility. The United States will recommend the defendant be sentenced to a period of probation, a $1,000 fine, 250 hours of community service and a $25 special assessment. The parties reserve the right to make any other arguments at the time of sentencing. Defendant understands that the court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

9. **Detention/Release After Plea:** The parties agree that the


JTF     CS     DM     Date

defendant is likely to be determined to be a Zone A offender (0-6 months) and therefore the advisory guidelines do not recommend a term of imprisonment. 28 U.S.C. § 994. The law does not recommend or mandate detention upon conviction. The United States agrees to withhold any objection to the defendant's continued release after plea, pending sentencing, on the same conditions that governed his pre-plea release. 18 U.S.C. § 3143(a)(1).

10.  **Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

11.  **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly**

8      JTF    CS    DM    February 24, 2012
                                    Date

stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_____
Jessica T. Fehr
Assistant U. S. Attorney

_____
Clinton Shovar
Defendant

_____
David Merchant
Defense Counsel

9 JTF CS DM February 24, 2012
          Date